UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
STEPHAN FRAZIER AND GAIL JOHNSON

                                04-CV-3248(TCP)(ARL)

                      Plaintiffs,

        - against -                                FIRST AMENDED
                                                                        COMPLAINT

THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICERS        PLAINTIFFS DEMAND
STEPHEN G. FIRESTONE, LOUIS LANZILOTTA,   TRIAL BY JURY
KARL A. SNELDERS, STACIE AYROVAINEN
and POLICE OFFICERS JOHN DOE 1-5

                          Defendants.
--------------------------------------------------------------------------------X

      Plaintiff, by their Attorneys, *the Law Offices of* Michael P. Mangan LLC, for their Amended Complaint against the Defendants, allege, at all times material herein, that:

## VENUE AND JURISDICTION

1)     This action is brought pursuant to 42 United States Code Sections 1981, 1983, 1985, 1986, 1988 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

2)     Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

3)     Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

4)     Plaintiff STEPHAN FRAZIER is and was a resident of the State of New York, County of Nassau.

1

5) Plaintiff GAIL JOHNSON is and was a resident of the State of New York, County of Nassau.

6) Defendant COUNTY OF NASSAU (hereinafter referred to as County or defendant) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York.

7) Defendant County owned, operated, managed and controlled the defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "Nassau P.D." or defendant) which was the employer of the Defendant agents and officers.

8) Defendant Police Officers Stephen G. Firestone (hereinafter "Firestone"), Louis Lanzilotta (hereinafter "Lanzilotta"), Karl A. Snelders (hereinafter "Snelders"), and Stacie Ayrovainen (hereinafter "Ayrovainen") are, and were at all times material herein, employed by the Nassau County P.D. and were acting within the scope and authority of their employment.

9) Defendant Police Officers John Doe 1-5 are, and were at all times material herein, employed by the Nassau County P.D. and were acting within the scope and authority of their employment.

10) The County was at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, agents and/or employees of the Nassau County P.D.

**FACTS**

11) On July 9, 2003 at approximately 9:30 p.m., plaintiff Stephan Frazier was present immediately outside the building at 85 Lawrence Avenue, Inwood, New York, County of Nassau (hereinafter the "Building") and not engaged in any illegal activity.

12) Plaintiff Gail Johnson was present inside the Building at that time, and not engaged in any illegal activity.

13) A police officer, John Doe 1-5, with a "Task Force" uniform on and with a gun drawn

ordered Plaintiff Frazier to put his hands on top of a car, which he did.

14) A police officer, John Doe 1-5, with a "Task Force" uniform on and with a gun drawn then ordered Plaintiff Frazier to lie on the ground, which he did.

15) Without a warrant for his arrest, or consent of the plaintiff, uniformed police officers John Doe 1-5 and each of the named defendants beat Plaintiff Frazier about the neck and back.

16) Inside the Building Ayrovainen ordered Plaintiff Gail Johnson to strip to her underwear in a common space that was open to the public.

17) Without a warrant, or consent of the plaintiff Gail Johnson, Ayrovainen felt inside plaintiff Gail Johnson's underwear.

18) Plaintiff Gail Johnson was nevertheless not arrested or charged with any crime.

19) Defendant County and Nassau P.D. receive federal funding and are subject to laws and prohibitions upon discriminatory conduct as a result.

20) Police officers John Doe 1-5 were motivated by discriminatory animus, and subjected Gail Johnson to invasion of her person because she was a woman.

21) Plaintiff Stephan Frazier was arrested and held in police custody for several hours.

22) The defendants directed the Office of the District Attorney to charge the plaintiff Stephan Frazier with Obstructing Governmental Administration and Resisting Arrest.

23) The Office of the District Attorney prosecuted the case against plaintiff Stephan Frazier and succeeded in convicting Stephan Frazier on two counts with the assistance of defendants, and upon the false testimony of Snelders, Lanzilotta, and Nassau County/Nassau County Police Department employee Detective William Barry.

24) As a result of his false arrest, false imprisonment, malicious prosecution and unlawful conviction based on false testimony, plaintiff Stephan Frazier was subjected to humiliation, ridicule, and disgrace.

25) As a result of the unlawful detention, assault and public humiliation, plaintiff Gail Johnson was subjected to humiliation, ridicule and disgrace.

26) Conditions precedent for New York State Tort Law claims have been satisfied, including filing of notice of claim and compliance with time constraints for suit.

**AS AND FOR A FIRST CAUSE OF ACTION**

27) Plaintiffs reiterate and re-allege the facts stated in all paragraphs above as if stated fully herein.

28) Plaintiffs were falsely arrested in that they were wrongly, unlawfully and unjustifiably detained, charged, arrested, searched and deprived of liberty against their will.

29) All Defendants acted under color of law.

30) All Defendants intentionally and recklessly deprived all plaintiffs of their rights, privileges and immunities secured by the United States Constitution.

31) The wrongful, unjustifiable and unlawful apprehension, arrest, detention, search and imprisonment was carried out without a warrant.

32) Defendants did not have probable cause to arrest the plaintiffs, or to search inside the undergarments of Plaintiff Gail Johnson.

33) Plaintiff Gail Johnson was subject to arbitrary action in violation of her substantive due process right to be free from intrusion into her undergarments without any cause, and in a public place.

34) The defendants' conduct was fatally arbitrary in that it did not further the defendants' legitimate interest in police activity at the Building.

35) The defendants' conduct is so arbitrary as to shock the conscience and violate the Plaintiff Gail Johnson's fundamental rights.

36) The defendants' conduct subjected the Plaintiff Gail Johnson to harassment based upon her gender.

37) The defendants' conduct discriminated against the Plaintiff Gail Johnson on the basis of sex.

38) Defendants acted forcibly in beating, apprehending, arresting, and detaining plaintiff Stephan Frazier.

39) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and for violation of plaintiffs' rights to substantive due process. 42 U.S.C. § 1983. Further, defendants County, Nassau P.D., Ayrovainen and John Doe 1-5 that participated in the detention and search of plaintiff Gail Johnson, are liable for said damage and injuries pursuant to Title VI of the Civil Rights Act of 1964 at 42 U.S.C. Sections 2000(d) et seq. and the Omnibus Crime Control and Safe Streets Act of 1968 at 42 U.S.C. Section 3789d(c).

**AS AND FOR A SECOND CAUSE OF ACTION**

40) Plaintiffs reiterate and re-allege the facts stated in all paragraphs above as if stated fully herein.

41) Plaintiffs were falsely arrested in that they were wrongly, unlawfully and unjustifiably detained, charged, arrested, searched and deprived of liberty against their will.

42) The wrongful, unjustifiable and unlawful apprehension, arrest, detention, search and imprisonment was carried out without a warrant.

43) Defendants did not have probable cause to arrest, detain or search the plaintiffs.

44) At all relevant times, defendants acted forcibly in searching, apprehending, arresting and detaining plaintiffs.

45) Defendants Nassau County, Firestone, Lanzillotta and Snelders are liable for said damage and injuries pursuant to Tort law of the State of New York.

**AS AND FOR A THIRD CAUSE OF ACTION**

46) Plaintiffs reiterate and re-allege the facts stated in all paragraphs above as if stated fully herein.

47) Defendants assaulted plaintiffs in that they communicated an unlawful offer or attempt with force or violence to do corporal hurt to another.

48) Defendants communicated a grievous affront or threat to the plaintiffs.

49) Defendants intended to commit the acts which constituted the assault.

50) Defendants had the present ability to use actual violence against the plaintiffs.

51) As a result, the plaintiffs reasonably believed that they were about to suffer bodily injury.

52) Defendants Nassau County, Firestone, Lanzillotta and Snelders are liable for said damage and injuries pursuant to Tort law of the State of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION

53) Plaintiffs reiterate and re-allege the facts stated in all paragraphs above as if stated fully herein.

54) All Defendants committed battery against the plaintiffs in that they actually struck or touched them in a violent, angry, rude or insolent manner.

55) Defendants' intent to injure concurred with the use of unlawful violence upon the battered person.

56) The intended injury was to the feelings or mind of the assaulted plaintiffs, as well as to their bodies.

57) Defendants Nassau County, Firestone, Lanzillotta and Snelders are liable for said damage and injuries pursuant to Tort law of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of One Million ($1,000,000.00) dollars;

(b) punitive damages in the amount of One Million ($1,000,000.00) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988;  and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       January 4, 2006

                              **The Law Offices of**
                              **MICHAEL P. MANGAN LLC**


                              _____/s/_____
                         By:   Michael P. Mangan (MM-5773)
                               *Attorney for Plaintiffs*
                               80 Wall Street, Suite 1214
                               New York, New York 10005
                               (212) 248-2171

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                     )SS
COUNTY OF NEW YORK   )

      Michael P. Mangan, an attorney duly admitted to practice law in the Eastern District of New York, affirms pursuant to Rule 11 of the Federal Rules of Civil Procedure that:

    1)    I have consulted with the plaintiff in the within action.

    2)    I have read the attached First Amended Complaint and know the contents thereof to be true to the best of my knowledge, based upon conversations with the plaintiff and my investigation.

Dated: New York, New York
       January 4, 2006

                **The Law Offices of**
                **MICHAEL P. MANGAN LLC**


                _____/s/_____
                By:    Michael P. Mangan (MM-5773)
                       *Attorney for Plaintiffs*
                       80 Wall Street, Suite 1214
                       New York, New York 10005
                       (212) 248-2171