UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHAN FRAZIER and GAIL
JOHNSON,

                   Plaintiff,                                **ORDER**

        -against-                               CV 04-3248 (TCP)(ARL)

THE COUNTY OF NASSAU, et al.,

                   Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' letter application dated January 6, 2006, seeking to compel more complete responses to certain of their discovery requests. The plaintiffs also seek to extend the time by which the plaintiffs have been directed to serve their expert reports. The defendants oppose the motion by letter dated January 11, 2006.[1] For the reasons set forth herein, the plaintiffs' motion is granted in part and denied in part.

      The plaintiffs' application addresses the sufficiency of the defendants' responses to the following requests:

      1.  identities of Nassau County police officers who assisted defendant Snelders [when he] handcuffed Mr. Frazier . . .;

      2.  identities of witnesses to Nassau County police officers who witnesses defendant Snelders subdue Mr. Frazier, . . .;

      3.  identities of police officers who handcuffed or otherwise interacted with plaintiff Johnson, . . .;

      4.  identities of all persons detained during the warrant execution, . . . ;

      5.  copies of video and/or audio tapes taken as part of the warrant execution, . . . ;

---

[1] The defendants' have requested, in their opposition, permission to exceed the three page limit for their response due to the number of issues raised in the plaintiffs' application. That request is granted.

6. identification of any Internal Affairs interviews done of defendant Lanzilotta;

7. all reports to the warrant issuing court and applications towards the warrant executed on July 9, 2003 at 85 Lawrence Avenue, . . .; and

8. additional documents such as color copies of photographs produced and procedures in effect as of the date of the warrant execution.

Each of these requests will be addressed in turn.

The requests enumerated as 1 through 4 above essentially seek the identification of witnesses to the events that took place on July 9, 2003. Counsel for the defendants has addressed each of these request with her clients and determined that no further information is available. Accordingly, the plaintiffs requests with respect to 1- 4 is denied.

The request enumerated as 5 seeks copies of video and/or audio tapes taken as part of the warrant execution. The defendants acknowledge that an audio and video recording were made by a confidential informant, but have objected to the tapes production to protect the identity of the informant and, more importantly, because the film does not depict any portion of the warrant execution. Accordingly, said tapes need not be produced at this time.

Request number 6 seeks the identification of any Internal Affairs interviews done of defendant Lanzilotta. The defendants have stated in their opposition that Officer Lanzilotta did not give a statement to the Internal Affairs Unit, nor was he interviewed with respect to the matter. Accordingly, the plaintiffs' request enumerated as six above is denied.

Request number 7 seeks all reports to the warrant issuing court and applications towards the warrant executed on July 9, 2003 at 85 Lawrence Avenue. The defendants have already provided the plaintiffs with a copy of the court's order granting the "no knock" warrant for the subject property, but nonetheless object to the request because neither plaintiff was the target of

the warrant. To the extent that affidavits or other documentation supporting the warrant application exist, they are a matter of court record, as the defendants suggest, and the plaintiffs may directly obtain them from the court files.

Finally, the plaintiffs also seek additional documents such as color copies of photographs produced and procedures in effect as of the date of the warrant execution. To date, the defendants have not located photos taken by the defendants but have agreed to produce any photographs they locate in the future. In addition, the defendants have agreed to produce copies of the policies and procedures in effect on the date of the incident. The defendants shall produce such documents by January 30, 2006.

The plaintiffs also seek to extend the time upon which to serve the plaintiffs' expert report. In support of the request, the plaintiffs simply state that a reasonable extension is necessary after all of the discovery issues have been fully resolved. That statement does not justify the request especially given the history of this case.

On December 8, 2005, the parties appeared for their final conference. The court anticipated marking the case ready for trial since neither party had contacted the court to indicate that discovery had not been completed. Nonetheless, at the conference, the plaintiffs advised the court that they had not completed fact discovery, nor had they provided the defendants with their expert's report. Believing that the case should be resolved on the merits, the court gave the plaintiffs one final opportunity to complete factual and expert discovery. In this regard, the court extended the deadline for the plaintiffs to provide the defendants with their expert report to December 22, 2005.

Thereafter, by letter application dated December 21, 2005, the plaintiffs sought to compel more complete responses to their document requests and interrogatories. That request, which was

3

rejected for failure to annex the relevant requests, was silent with respect to the expert report deadline. Now, two weeks after the deadline has passed, the plaintiffs request an additional extension without providing any basis for the request or explanation for why the failed to comply with the court's December 8th order. Accordingly, the request is denied.

Dated: Central Islip, New York        **SO ORDERED:**
       January 23, 2006

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge